DAVID E. MASTAGNI, ESQ. (SBN 204244)
davidm@mastagni.com
TAYLOR DAVIES-MAHAFFEY, ESQ. (SBN 327673)
tdavies-mahaffey@mastagni.com
AMANDA R. MCCARTHY, ESQ. (SBN 354058)
amccarthy@mastagni.com
**MASTAGNI HOLSTEDT, A.P.C.**
1912 I Street, Sacramento, California 95811-3151
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs,
JEFFREY BELLO-LAFRADES, et al.

DEBORAH F. BIRNDORF (SBN 179823)
debbie.birndorf@nortonrosefulbright.com
NATALIE LAGUNAS (SBN 318634)
natalie.lagunas@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone (213) 892-9200
Facsimile (213) 892-9494

Attorneys for Defendants
C&H SUGAR COMPANY, INC.
and AMERICAN SUGAR REFINING, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BELLO-LAFRADES, on behalf of himself and all similarly situated individuals, OTIS BROWN, on behalf of himself and all similarly situated individuals, KEITH LEDERER, on behalf of himself and all similarly situated individuals, GARY PEDRO, on behalf of himself and all similarly situated individuals; DOMINIC AUSTIN, JOE BELLO, D-MAREE BONNER, KEVIN BUSS, FRANCISCO CEJA, VINCENT CIPPONENI, BEATRICE COOMBS, DON COOPER JR., LARRY DELGADO, DAVID FRYE, MANUEL FURTADO, MARTIN GONZALEZ, JERRY HILL, SANDIP HUNDAL, CARL JILES SR., JASPREET JOHL, KEITH LAWSON, KEITH LUSETTI, ROBERT LYNN, RONALD MCLEN, FRANK MCMILLAN, EDGAR MURILLO, | Case No.: 3:24-cv-07006-JD<br><br>Judge: Hon. James Donato<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: May 8, 2025<br>Time: 10:00 a.m.<br>Courtroom: 11<br><br>Complaint Filed:    October 7, 2024 |

1    ROBERTO ORELLANA JR., MICHAEL
     PELTON, MICHAEL PODPLESKY,
2    RICHO RICHARDSON, RYAN
     ROLLINS, SURJIT SANDHU, BALJEET
3    SANGHA, DILBAG SANGHA,
     YUVRAJ SHARMA, INDERJIT SINGH,
4    DEV TAKHER, and WALTER WHITT,

5
                              Plaintiffs,
6
     vs.
7
     C&H SUGAR COMPANY, INC. and
8    AMERICAN SUGAR REFINING, INC.,
     DOES 1-100 inclusive,
9
                              Defendants.
10

11

12        Pursuant to the Standing Order for All Judges of the Northern District of California, Federal

13   Rule of Civil Procedure 26(f), and the Northern District Civil Local Rules 16-9, Plaintiffs Jeffrey

14   Bello-Lafrades ("Bello-Lafrades"), on behalf of himself and all similarly situated individuals, Otis

15   Brown ("Brown"), on behalf of himself and all similarly situated individuals, Keith Lederer

16   ("Lederer"), on behalf of himself and all similarly situated individuals, Gary Pedro ("Pedro"), on

17   behalf of himself and all similarly situated individuals; Dominic Austin, Joe Bello, D-Maree

18   Bonner, Kevin Buss, Francisco Ceja, Vincent Cipponeni, Beatrice Coombs, Don Cooper Jr., Larry

19   Delgado, David Frye, Manuel Furtado, Martin Gonzalez, Jerry Hill, Sandip Hundal, Carl Jiles Sr.,

20   Jaspreet Johl, Keith Lawson, Keith Lusetti, Robert Lynn, Ronald McLen, Frank McMillan, Edgar

21   Murillo, Roberto Orellana Jr., Michael Pelton, Michael Podplesky, Richo Richardson, Ryan

22   Rollins, Surjit Sandhu, Baljeet Sangha, Dilbag Sangha, Yuvraj Sharma, Inderjit Singh, Dev Takher,

23   and Walter Whitt (together, "Plaintiffs") and Defendants C&H Sugar Company, Inc. and American

24   Sugar Refining, Inc. (together, "Defendants" and collectively with Plaintiffs, the "Parties"), by and

25   through their respective counsel, respectfully submit the following Joint Case Management

26   Statement:[1]

27   _____

28   [1] This Statement is submitted after the deadline for the Joint Case Management Statement due to
     Plaintiffs' failure to timely initiate the Rule 26(f) Conference.  Plaintiffs did not provide a draft of
     their proposed positions until the evening of April 29, 2025—less than 48 hours before the

1    1.    <u>**Jurisdiction and Service**</u>

2    ***Defendants' Statement:*** Defendants contend that this Court does not have jurisdiction over

3    the claims asserted by Lederer as he signed a valid binding arbitration agreement.  Furthermore,

4    Defendants contend that a subset of the individuals Plaintiffs' purport to represent on a class,

5    collective or representative basis are subject to valid binding arbitration agreements and class action

6    waivers.  Otherwise, Defendants agree that this Court has jurisdiction over this action.  Defendants

7    have been served with Plaintiffs' Complaint.

8    2.    <u>**Facts**</u>

9    ***Plaintiffs' Statement:***

10

11   ***Defendants' Statement:***

12   This action purports to bring four separate types of actions against Defendants in a singular

13   lawsuit.  *See* Complaint ¶ 1.  It is procedurally complex because Plaintiffs purport to bring an

14   individual action on behalf of Bello-Lafrades, an individual action on behalf of Brown, an

15   individual action on behalf of Lederer, an individual action on behalf of Pedro, a wage and hour

16   class action, a collective action pursuant to the Fair Labor Standards Act ("FLSA") and a

17   representative action per the Private Attorneys General Act ("PAGA") pending in one singular

18   lawsuit against Defendants.  *See* Complaint ¶¶ 16-80.  Furthermore, there are distinct groups of

19   plaintiffs asserting different theories of liability and seeking different remedies.  For example, the

20   "Essential Duties Plaintiffs' bring a class action and an FLSA collective action seeking damages

21   for unpaid wages based on Defendants' purported improper time rounding practices and

22

23   Statement was due.  The following day, April 30, 2025, Plaintiffs' counsel placed an unscheduled
     call to Defendants' lead counsel in an effort to confer, but counsel was unavailable due to prior
24   client commitments.

25   Because the Parties were not given a meaningful opportunity to meet and confer, Defendants'
     counsel requested a brief, one-day extension to review Plaintiffs' proposed positions and confer
26   with their client.  Plaintiffs declined this request and instead indicated they would proceed with
     submitting a unilateral statement.  Under these circumstances, the Parties are submitting this ***Joint***
27   Statement shortly after the deadline to allow Defendants a reasonable opportunity to review
     Plaintiffs' positions and provide their own, ensuring the Court receives a complete and accurate
28   account of the Parties' respective positions prior to the Case Management Conference scheduled
     for May 8, 2025.

1  uncompensated pre- and post-shift.  *See* Complaint ¶ 2.  Later in the Complaint, plaintiffs Bello-

2  Lafrades and Brown expand the class action allegations to include claims for overtime to all non-

3  exempt employees who purportedly worked for Defendants in sugar processing and the warehouse.

4  *See* Complaint ¶¶ 22-23.  Furthermore, there is a broader group of plaintiffs Dominic Austin, Joe

5  Bello, Bello-Lafrades, D-Maree Bonner, Kevin Buss, Francisco Ceja, Vincent Cipponeni, Beatrice

6  Coombs, Don Cooper Jr., Lary Delgado, David Frye, Manuel Furtado, Martin Gonzalez, Jerry Hill,

7  Sandip Hundal, Carl Jiles Sr., Jaspreet Johl, Keith Lawson, Keith Lusetti, Robert Lynn, Ronald

8  McLen, Frank McMillan, Edgar Murillo, Roberto Orellana Jr., Michael Pelton, Michael Podplesky,

9  Richo Richardson, Ryan Rollins, Surjit Sandhu, B. Sangha, D. Sangha, Yuvraj Sharma, Inderjit

10 Singh, Dev Takher, and Walter Whitt bring individual actions for unpaid overtime based on the

11 improper calculation of the regular rate of pay.  *See* Complaint ¶¶ 51-56.

12     Without limiting the denials and affirmative defenses set forth in the Answer, Defendants

13 deny the allegations in Complaint ("Complaint") and assert that, at all times, they complied with

14 all applicable laws.  Defendants deny that they violated the California Labor Code or any other

15 provision of state or federal law, including the FLSA.  Defendants further contend that Plaintiffs

16 were, at all relevant times, subject to a Collective Bargaining Agreement ("CBA"), such that certain

17 California Labor Codes did not apply to their employment, and their claims are preempted.

18 Defendants further contend that, even if true (which they are not), the Complaint does not provide

19 a plausible basis for Plaintiffs' individual and/or class, collective, or representative action claims.

20 Plaintiffs did not allege any facts which would even suggest that Defendants had any uniform policy

21 of failing to pay Plaintiffs and the others they purport to represent wages for all hours worked,

22 overtime wages, wages pursuant to any statute or contract, and failing to pay all wages at separation,

23 or that Plaintiffs have any basis whatsoever for alleging claims on behalf of people with whom they

24 did not directly work and who worked in different positions throughout the state.  Defendants also

25 maintain that Plaintiffs cannot make the requisite showing of intent or injury needed to prevail on

26 a claim for inaccurate wage statements under Cal. Lab. Code § 226.  Defendants further contend

27 that Plaintiffs' derivative claims for inaccurate wage statements pursuant to Cal. Lab. Code § 226,

28 late payment of final wages pursuant to Cal. Lab. Code §§ 201-203, unfair business practices

pursuant to Cal. Lab. Code § 17200 *et seq.* ("UCL") and civil penalties pursuant to the California Labor Code Private Attorneys General Act, Cal. Lab. Code § 2699 *et seq.* ("PAGA") fail  because the underlying predicate claims fail.  Defendants also contend that, to the extent Plaintiffs' claims are based upon statutes which provide for attorneys' fees to the prevailing party, Defendants are entitled to such fees and all costs reasonably necessary to defend this action.

**3.** **Legal Issues**

*Plaintiffs' Statement:*

*Defendants' Statement:* There are several principle issues to be adjudicated in this matter. These issues include, without limitation, the following:

1. As a threshold matter, before reaching the propriety of class action treatment, do Plaintiffs' individual claims fail as a matter of law under the standards applicable to motions brought under Fed. R. Civ. P. 56?

2. Have Plaintiffs timely and properly exhausted all administrative remedies?

3. Is this case suitable for class certification?

4. Are any of Plaintiffs' causes of action barred by any applicable statute(s) of limitations?

5. Are any of Plaintiffs' and/or the putative class members' (if a class is certified) claims preempted by federal law?

6. What is/are the claims periods applicable to Plaintiffs' claims?

7. Are one or more of Plaintiff's 'claims or the claims of any individuals whom Plaintiff purports to represent barred by the doctrine of res judicata and/or collateral estoppel?

8. Are wage statement penalties recoverable if the wage statements accurately reported the wages being paid?

9. If Plaintiffs' claims are not preempted, did Defendants fails to pay overtime wages to Plaintiffs?

10. If Plaintiffs' claims are not preempted, did Defendants have a uniform policy and

practice of failing to pay overtime wages to the putative class Plaintiffs seek to represent?

11. Did Defendants fail to pay Plaintiffs minimum wages?

12. Did Defendants have a uniform policy and practice of failing to pay minimum wages to the putative class Plaintiffs seek to represent?

13. Did Defendants fail to pay Plaintiffs pursuant to a statute or contract?

14. Did Defendants have a uniform policy and practice of failing to pay wages pursuant to a statute or contract to the putative class Plaintiffs seek to represent?

15. Did Defendants knowingly and intentionally fail to provide accurate itemized wage statements to Plaintiffs?

16. Did Defendants have a  uniform policy and practice of knowingly and intentionally failing to provide accurate itemized wage statements to the putative class Plaintiffs seek to represent?

17. Did Defendants willfully fail to pay timely final wages to Plaintiffs?

18. Did Defendants have a uniform policy and practice of willfully failing to pay timely final wages to the putative class Plaintiffs seek to represent?

19. Have Plaintiffs and/or the putative class members they seek to represent suffered a cognizable injury arising from the alleged receipt of inaccurate wage statements?

20. Did Defendants engage in unfair or unlawful business practices?

21. Are any of Plaintiffs' purported claims certifiable for class action treatment?

22. Do Plaintiffs have standing to pursue representative claims under PAGA and/or must any such claims be certified under Rule 23 in order to proceed other than on an individual basis?

23. Assuming liability, what is/are the proper remedies available to Plaintiffs and the putative class they seek to represent?

**4.       Motions**

***Plaintiffs' Statement:***

1    ***Defendants' Statement:*** Defendants first intend to file a Motion to Compel Arbitration on

2    Plaintiff Lederer's claims.  Second, Defendants would prefer to file an early Motion for Summary

3    Judgment ("MSJ") on Plaintiffs' *individual claims* after conducting initial discovery thereon and

4    request that the Court issue an Initial Scheduling Order ("ISO") that phases the proceedings in this

5    case such that this MSJ would be ruled on before the parties begin conducting any class

6    certification-related discovery and motion practice, and prior to the filing of any motions regarding

7    class certification, in order to save the parties and the Court from expending potentially unnecessary

8    resources, fees and costs should the Court grant Defendant's MSJ.

9    It is well established that the Court has the inherent authority to control its calendar and

10   manage all of the proceedings before it, which includes the power to stay proceedings and discovery

11   in a putative class action pending before it in the interest of economy of time for the Court, the

12   litigants, and counsel.  Indeed, "the power to stay proceedings is incidental to the power inherent

13   in every court to control the disposition of the causes on its docket with economy of time and effort

14   for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

15   In addition to its inherent managerial authority, the Court also is vested with the express authority

16   to actively manage its cases to achieve a fair and efficient resolution of them.  The Court's powers

17   are codified in several sources of authority that expressly prescribe rules for the efficient judicial

18   management of cases. "To that end, the Civil Rules require district judges to issue orders 'as soon

19   as practicable' fixing deadlines for completion of discovery and the filing of dispositive motions."

20   *Torres v. Puerto Rico*, 485 F.3d 5, 10 (1st Cir. 2007) (quoting Fed. R. Civ. P. 16(b)).  Indeed, the

21   Federal Rules of Civil Procedure aptly state that they "should be construed and administered to

22   secure the *just, speedy, and **inexpensive*** determination of every action and proceeding."  Fed. R.

23   Civ. P. 1 (emph. added). Thus, Fed. R. Civ. P. 16 expressly authorizes the Court, among other

24   things, to issue orders "determining the appropriateness and timing of summary adjudication under

25   Rule 56," "controlling and scheduling discovery, including orders affecting disclosures and

26   discovery under Rule 26 and Rules 29 through 37," and "adopting special procedures for managing

27   potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult

28   legal questions, or unusual proof problems." Fed. R. Civ. P. 16(c)(2)(E), (F), (L).  Moreover, Fed.

R. Civ. P. 23(d) authorizes the Court to make appropriate orders in the conduct of class actions for "fair and efficient conduct of the action."  Advisory Committee Note of 1966 to Rule 23(d).  It "provides that in the conduct of class actions, the court may issue orders determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument." *Davis, et al.*, 6A FED. PROC. L. ED., § 12:341 (2013).  "Under this provision, the court should consider how the proceedings are to be arranged in sequence and what measures should be taken to simplify the proof and argument." *Id.* (citing Notes of Advisory Committee on 1966 Amendments to Fed. R. Civ. P. 23). " The orders resulting from this consideration, like the others referred to in the Rule, may be combined with a pretrial order under Fed. R. Civ. P. 16, and are subject to modification as the case proceeds." *Id.* (citing Notes of Advisory Committee on 1966 Amendments to Fed. R. Civ. P. 23).  In addition, Fed. R. Civ. P. 83(b) provides that "[a] Judge may regulate practice in any manner consistent with federal law," and, indeed, it is well established that the Court's inherent power to control its own docket is a critical part of its judicial function. *See Curry v. Castillo*, 297 F.3d 940, 952 (9th Cir. 2002). Defendants submits that this putative wage and hour class action requires the type of judicial management to avoid placing unnecessary burdens on the Court or the litigants and to expedite the case, keep costs reasonable, promote efficient decision-making by the Court, the parties, and counsel, and mitigate "the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011); *see also Khalili v. Comerica Bank*, 2011 U.S. Dist. LEXIS 64559 at *3 (N.D. Cal. June 16, 2011) ("Discovery is costly, time-consuming, and invasive, and before a plaintiff can compel a defendant to open its books and sit for depositions, it must justify this imposition by stating a plausible claim for relief.").  Defendants' proposed approach is consistent with the Advisory Committee's Note to the 2003 Amendment of Rule 23, which provides that "[o]ther considerations may affect the timing of the certification decision. The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." (Emph. added)

Thus, in the interests of preserving the parties' and the Court's resources to avoid potentially unnecessary expenditures on class certification-related discovery and motion practice, Defendants

submit that the issues to be litigated in this action and discovery related thereto should be limited and conducted in phases, as set forth below. Defendants request that the Court phase the case to focus first on Plaintiffs' individual claims. Defendants anticipate conducting initial discovery and taking Plaintiffs Bello-Lafrades, Brown, and Pedro's respective individual depositions in the 90-120 days following the Court issuing a Scheduling Order, and then immediately thereafter filing a Motion for Summary Judgment ("MSJ") with regard to Plaintiffs Bello-Lafrades, Brown, and Pedro's individual claims, and the individual claims of the remaining named-plaintiffs who purport to bring individual claims seeking damages for lost overtime compensation. Defendants do not to intend to conduct discovery as to Lederer as he signed a valid binding arbitration agreement, and his claims are subject to individual arbitration. As such, Defendants intend to compel Lederer's claims to individual arbitration through a Motion to Compel Arbitration.

Defendants request that the Court rule on this MSJ before commencing discovery pertaining to class certification. If the Court grants the motion in whole, it obviously disposes of the entire case and will save the Court and the parties from the unnecessary investment of significant resources. Even if the Court grants the MSJ only in part, it could still significantly alter the scope of discovery and issues for class certification. If the court denies the MSJ in its entirety, then the parties can commence a second phase in which they will conduct discovery related to class certification. The precise phasing of the case Defendant proposes is as follows:

**Phase 1:** This phase would last approximately 200 days and be limited to Plaintiffs Bello-Lafrades, Brown, and Pedro's individual claims[2] and the individual claims of the remaining named plaintiffs, which will be adjudicated by a MSJ (the "Phase 1 MSJ"), with all discovery (including initial disclosures) and motion practice limited to such claims pending the Court's rulings on the Phase 1 MSJ. This phase would commence upon entry of the Scheduling Order. Initial disclosures as to Plaintiffs' individual claims would be due 14 days after this phase is commenced. The Phase 1 MSJ would be filed not later than 200 days after this phase is commenced.

---

[2] Lederer is not included in this phase as it is Defendants position that his claims must be compelled to arbitration.

DOCUMENT PREPARED
ON RECYCLED PAPER

**Phase 2:** This phase would last 180 days, and will commence after the Court rules on Defendants' Phase 1 MSJ on Plaintiffs' individual claims, and only if any of Plaintiffs' claims survive the Court's ruling. Upon this phase commencing, the Court would hold a further Case Management Conference ("CMC") and set a discovery (including initial disclosures), briefing and hearing schedule for any Motion(s) Regarding Class Certification ("MCC"), including any necessary expert discovery cut-off dates related to class certification issues. During this class certification phase of the case, the parties would conduct discovery regarding class certification issues only (and any related merits issues relevant to the issue of class certification) until briefing on any MCC is closed, with any opposition briefing deadline to be set at least 28 days after the filing of any MCC, and any reply briefing deadline to be set at least 14 days thereafter. Plaintiffs' class certification expert disclosures would be made concurrently with the filing of his MCC, while Defendants' class certification expert disclosures would be made concurrently with the filing of their opposition thereto. Class certification (including expert) discovery will close upon the close of briefing on Plaintiff's MCC.

**Phase 3:** This phase will commence after the Court rules on class certification and would culminate with trial. At the commencement of this phase, the Court would conduct a further CMC at which, if the court grants class certification in whole or in part, the Court would set a schedule for any additional merits discovery (including initial disclosures) of any certified class claims, motions to decertify and/or for summary judgment, pretrial conference and trial. If the court denies class certification, then the Court would set a trial date for Plaintiffs' remaining individual claims. Such phasing is in the best interests of judicial economy and overall efficiency and fairness to the parties, particularly given that the outcome of the early dispositive motion(s) on the Phase 1 issues could be dispositive of all or most of Plaintiffs' individual claims in this action. To that end, Plaintiffs would not be able to proceed with any putative class claims in connection with any individual claims adjudicated against him, thereby narrowing or eliminating the need for class certification-related discovery and motion practice on any such claims, or otherwise limiting the scope

Such phasing is in the best interests of judicial economy, overall efficiency and fairness to the parties, particularly given that the outcome of the early dispositive motion(s) on the Phase 1 issues could be dispositive of all or most of Plaintiffs' individual claims in this action. To that end, Plaintiffs would not be able to proceed with any putative class claims in connection with any individual claims adjudicated against them, thereby narrowing or eliminating the need for class certification-related discovery and motion practice on any such claims.

**5.    Amendment of Pleadings**

*Plaintiffs' Statement:*

*Defendants' Statement:* Defendants reserve the right to amend their Answer to assert additional affirmative defenses or other defenses as appropriate based on their investigation and discovery in this action.

**6.    Evidence Preservation**

The Parties have reviewed the Guidelines relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures**

*Plaintiffs' Statement:*

*Defendants' Statement*: Because of the phasing requested and described by Defendants in **Section 4**, above, Defendants object that disclosures other than with respect to Plaintiffs' individual claims are premature, except as set forth by Defendants in **Section 4**, above.

**8.    Discovery**

**A.  Discovery Taken to Date and Scope of Anticipated Discovery**

*Plaintiffs' Statement:*

*Defendants' Statement:* No discovery has been taken as of yet. Defendants anticipate

they will serve written discovery and take the deposition of Plaintiffs Bello-Lafrades, Brown and Pedro, witnesses identified by Plaintiffs' Initial Disclosures, and other witnesses that mya be revealed through discovery and through Defendants' further investigation.  Defendants may employ experts and conduct discovery to address any issues set forth by Plaintiffs' expert witnesses, if any.

### B.  Stipulated E-Discovery Order

The Parties currently do not anticipate entering into a stipulated e-discovery order.

### C.  Proposed Fed. R. Civ. P. 26(f) Discovery Plan

#### i.  Discovery Phases/Order of Discovery

***Plaintiffs' Statement:***

***Defendants' Statement:*** Defendants assert and propose that the issues to be litigated and discovery related thereto should be stayed, limited and conducted in phases, focusing first on dispositive motion(s) regarding Plaintiffs' individual claims, as set forth in **Section 4**, above.

#### ii.  Subjects of Discovery

***Plaintiffs' Statement:***

***Defendants' Statement:***  Defendants anticipate taking the deposition of Plaintiffs, other witnesses identified in Plaintiffs' Initial Disclosures, and other witnesses that may be revealed through discovery and through Defendants' further investigation.

Defendants also intend to propound written discovery, including interrogatories, requests for admissions and document requests, and anticipates issuing third-party subpoenas.

Defendants may employ experts to address any issues set forth by Plaintiffs' expert witnesses, if any.

#### iii.  Electronic Discovery

***Plaintiffs' Position:***

***Defendants' Position:*** Electronic discovery will relate solely to reasonably accessible

documents and information relevant to the claims and defenses of the parties and will be specifically and narrowly tailored in order to avoid undue burden or expense to either party. Plaintiffs have not identified any types of electronic discovery being sought or any anticipated issues regarding the same. To the extent either party seeks electronically stored information or documents which are not reasonably accessible, the requesting party must bear the expense of retrieval and production of such documents and information. In the event an issues arises with this type of discovery, the parties will present proposals for resolution to the Court. Electronic discovery will be produced in .tif, .pdf, or .csv file formats. The Parties will meet and confer as necessary to informally resolve issues related to the scope and costs associated with ESI discovery.

### iv.    Confidential Documents and Privilege Issues

*Plaintiffs' Position:*

*Defendants' Position:* Defendants anticipate that Plaintiffs may seek some documents and/or information which contain trade secrets or other confidential or private information related to Defendants' business and/or current and former employees. To the extent such information or documentation is sought by Plaintiffs, the Parties will negotiate in good faith as to a stipulated Protective Order and other appropriate measures, but if they are unable to agree, will submit proposed Orders to the Court for resolution.

If a party discovers that it has inadvertently produced privileged materials or work product, it must notify the receiving party and set forth, in writing, the basis for the privilege claim. Inadvertent production of such materials does not constitute a waiver of any privilege. If the receiving party has disclosed the protected information to a third party, the receiving party must take reasonable steps to retrieve the information. The receiving party must then return, sequester or destroy all copies and cannot use or disseminate the information until the privilege claim is resolved. A party must also promptly submit the material to the Court under seal for the determination of the privilege claim.

### v.    Discovery Limitations

*Plaintiffs' Position:*

1

2    ***Defendants' Position:*** If the case is phased as proposed by Defendants in **Section 4**, above,

3    then Defendants propose that the discovery limits imposed by the Fed. R. Civ. Proc. P. and Local

4    Civil Rules apply separately to each phase of the case, and that leave must be granted for each side

5    to file one summary judgment motion in each phase of the case.

6                          **vi.    Any Other [Proposed] Orders Under Rule 26(c) or 16 (b)**

7    ***Plaintiffs' Position:***

8

9    ***Defendants' Position:*** The parties will negotiate in good faith as to a stipulated Protective

10   Order and other appropriate measures to protect the use and disclosure of confidential and

11   proprietary information, but if they are unable to agree, they will submit proposed orders to the

12   Court for resolution.

13          Also set forth in **Section 4**, above, Defendants propose that the Court order this case be

14   phased in the interests of preserving the Parties' and the Court's resources to avoid unnecessary

15   expenditures on class certification-related discovery (and the inevitable disputes related thereto)

16   and motion practice.  Under such an order, the issues to be litigated and discovery related thereto

17   should be limited and conducted in phases, focusing first on Plaintiffs' *individual claims*, with all

18   discovery being stayed pending the Court's final rulings thereon.  Thus, Defendants propose that

19   this case be phased such that their anticipated MSJ regarding Plaintiffs' *individual claims* would be

20   ruled upon prior to the parties conducting any discovery related to class certification or class claims,

21   and prior to the filing of any motions regarding class certification.

22                          **vii.    Discovery Disputes**

23          At present, there are no discovery disputes pending between the Parties.

24          **9.    <u>Class Actions</u>**

25   ***Plaintiffs' Statement:***

26

27   ***Defendants' Statement:*** As set forth in **Section 4**, above, Defendants propose that the Court

28   order this case be phased in the interests of preserving the parties' and the Court's resources to

avoid unnecessary expenditures on class certification-related discovery (and the inevitable disputes related thereto) and motion practice. Under such an order, the issues to be litigated and discovery related thereto should be limited and conducted in phases, focusing first on Plaintiffs' individual claims, with all discovery being stayed pending the Court's final rulings thereon. Thus, Defendant proposes that this case be phased such that its anticipated MSJ regarding Plaintiffs' individual claims would be ruled upon prior to the parties conducting any discovery related to class certification or class claims, and prior to the filing of any motions regarding class certification. Defendants' proposed phasing of the case is consistent with the Advisory Committee's Note to the 2003 Amendment of Rule 23, which points out that "[o]ther considerations may affect the timing of the certification decision. The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." Otherwise, as noted in **Section 4**, above, Defendants request that any briefing schedule on Plaintiffs' anticipated motion for class certification afford them at least 28 days to prepare and file their opposition thereto, including any related discovery.

**10.    Related Cases**

**Plaintiffs' Statement:**

**Defendants' Statement:** Pursuant to N.D. Cal Civ. L.R. 3013, Defendants hereby give notice of the following other action or proceeding presently pending in another California state court:

> *Anthony Wright, Willem Leeks, individually, and on behalf of the other aggrieved employees pursuant to the California Private Attorneys General Act v. C&H Sugar Company, Inc., an unknown business entity; American Sugar Refining, Inc., a Delaware corporation; ASR Group Commodities (US), LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive*, pending in the Contra Costa County Superior Court (Case No. C23-02537) ("*Wright/Leeks*").
>
> *Dejuan Norman, on behalf of the State of California and Aggrieved Employees v. C&H Sugar Company, Inc., a Delaware corporation;*

*and DOES 1 through 50, inclusive*, pending in Contra Costa County Superior Court (Case No. C24-01180).[3]

Defendants submit that *Wright/Leeks* asserts claims which are almost identical to and substantially subsumed in the claims being asserted by Plaintiffs in this action. To that end, *Wright/Leeks* alleges, *inter alia*, that Defendants failed to pay them and other aggrieved employees overtime wages, failed to pay minimum wages, failed to provide them with accurate itemized wage statements and failed to pay wages in a timely manner, and seek the recovery of civil penalties base on the foregoing allegations under PAGA. Therefore, the *Wright-Leeks* action arises from the same or closely related transactions, happenings or events as those alleged in this lawsuit, calls for determination of the same or substantially related or similar questions of law and facts as it relates to the PAGA claim, and would entail substantial duplication of labor if heard by different judges. Coordination efforts, other than a stay of this action, would not be appropriate at this time.

Defendants advise Plaintiffs and the Court that the *Wright/Leeks* case will be mediated in Summer of this year.

**11.    Relief Sought**

*Plaintiffs' Statement:*

*Defendants' Statement:* Defendants deny the allegations of the Complaint and assert that, at all times, they complied with all applicable laws. Defendant deny that they have violated the California Labor Code, the FLSA, or any other provision of state or federal law, and that there is any certifiable class. Defendants deny that Plaintiffs or the collective or putative class they seeks to represent have been damaged by Defendants in any way or are otherwise entitled to damages and likewise deny that Plaintiffs will be able to certify any class in this action. Defendants reserve their right to request attorneys' fees and costs associated with this action at the appropriate time.

**12.    Settlement and ADR**

*Plaintiffs' Statement:*

---

[3] This matter has been consolidated with the *Wright/Leeks* action, with *Wright/Leeks* as the lead case.

*Defendants' Statement:* Defendants are willing to participate in private mediation.

**13.** **Consent to Magistrate Judge For All Purposes**

*Defendants' Statement:* Defendants do not consent to have a magistrate judge preside over all proceedings in this action.

**14.** **Other References**

*Plaintiffs' Statement:*

*Defendants' Statement:* Defendants contend that Lederer's individual claims are subject to an arbitration agreement. Defendants do not believe that the Plaintiffs' individual claims, aside from Lederer, are suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. Defendants further contend that the some of the individuals Plaintiffs' purport to represent on a class, collective or representative basis are subject to a class action waiver and binding arbitration agreement.

**15.** **Narrowing of Issues**

*Plaintiffs' Statement:*

*Defendants' Statement:* As set forth in **Section 4**, above, Defendants believes that their proposed phasing of this case, whereby it would file a Phase 1 MSJ on Plaintiffs' individual claims and a Motion to Compel Arbitration of Lederer's claims that would be ruled on before the parties begin conducting any class certification discovery and motion practice, and prior to the filing of any motions regarding class certification, will potentially narrow the issues significantly and save the parties and the Court from expending potentially unnecessary resources, fees and costs should the Court grant Defendant's Phase 1 MSJ. Only if any of Plaintiffs' individual claims survive the Court's ruling on Defendant's Phase 1 MSJ and Motion to Compel Arbitration would the Court then hold a further CMC to set a discovery, briefing and hearing schedule for any class certification related discovery and motions, including any necessary expert discovery cut-off dates. Once the Court rules on the issue of class certification, and should any claims survive, Defendants propose

that it would at that time set a further CMC to schedule what remains to be adjudicated in the case, including (if applicable) merits discovery of any certified class claims, motions to decertify and/or for summary judgment, and trial.

To further assist in narrowing the issues in this case, and if the case is phased as requested, Defendants propose that they be able to bring a motion for summary judgment during each phase of the case. If no such phasing is granted, then Defendants propose that they be permitted to bring two summary judgment motions: (1) as to Plaintiffs' individual claims; and (2) as to any certified class claims.

**16.**    **Scheduling**

*Plaintiffs' Statement:*

*Defendants' Statement:*

In accordance with the phasing proposal set forth in **Section 4**, above, Defendants propose the following schedule:

| | |
|---|---|
| Phase 1 Initial Disclosures: | May 21, 2025 |
| Phase 1 Non-Expert Discovery Cut-Off: | October 8, 2025 |
| Phase 1 Dispositive Motion Filing Deadline: | November 12, 2025 |
| Phase 1 Dispositive Motion Hearing (last day): | December 17, 2025 |

Only if any of Plaintiffs' individual claims survive the Court's ruling on Defendants' Phase 1 MSJ would the Court then hold a further CMC to set a discovery, briefing and hearing schedule for any class certification related discovery and motions, including any necessary expert discovery cut-off dates. Once the Court rules on the issue of class certification, and should any claims survive, Defendants propose that it would at that time set a further CMC to schedule what remains to be adjudicated in the case, including (if applicable) merits discovery of any certified class claims, motions to decertify and/or for summary judgment, and trial. Otherwise, if the requested phasing is not granted, then Defendants submit that scheduling anything beyond deadlines for the filing, briefing and hearing on Plaintiffs' anticipated motion for class certification should be deferred until after the issue of class certification has been decided. However, as noted in **Section 4**, above,

Defendants request that any briefing schedule on Plaintiffs' anticipated motion for class certification afford them at least 28 days to prepare and file their opposition thereto, including any related discovery.

**17.**   **Trial**

The Parties propose that if and only after the Court rules on the issue of class certification, the Court should at that time set a CMC to schedule the trial date and deadlines as to what remains to be adjudicated in the case at that time. Given that this is in part a proposed class action and that the issue of certification has not been decided yet, trial length cannot be estimated at this juncture.

**18.**   **Disclosure of Non-Party Interested Entities or Persons**

*Plaintiffs' Statement:*

*Defendants' Statement:* Defendants will file their Certificate of Interested Entities or Persons on or before May 14, 2025 which states the following: ASR Group International, Inc. owns 100% of American Sugar Refining, Inc., and no publicly held corporation owns 10% of ASR Group International Inc.  American Sugar Refining, Inc. is the parent corporation of C&H Sugar Company, Inc.  No publicly held corporation owns 10% or more of C&H Sugar Company, Inc's stock.  No publicly held corporation owns 10% or more of American Sugar Refining, Inc.'s stock.  C&H Sugar Company, Inc. has no subsidiaries.  Defendants believe the Plaintiffs also have a financial interest in this action.

**19.**   **Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.**   **Such Other Matters as May Facilitate the Just, Speedy, and Inexpensive Disposition of This Matter**

*Plaintiffs' Statement:*

*Defendants' Statement:* As set forth in **Section 4**, above, Defendants propose that the Court order this case be phased in the interests of preserving the parties' and the Court's resources to

1  avoid unnecessary expenditures on class-certification-related discovery (and the inevitable disputes

2  related thereto) and motion practice.

3

   Dated: May___, 2025                        Respectfully submitted,

4
                                              **MASTAGNI HOLSTEDT, A.P.C.**
5

6
                                              By: _____
7                                                 DAVID E. MASTAGNI
                                                  TAYLOR DAVIES-MAHAFFEY
8                                                 AMANDA R. MCCARTHY

9                                             Attorneys for Plaintiffs,
                                              JEFFREY BELL-LAFRADES, et al.
10
   Dated: May 6, 2025                         **NORTON ROSE FULBRIGHT US LLP**
11

12
                                              By:  */s/ Deborah F. Birndorf*
13                                                 DEBORAH F. BIRNDORF
                                                   NATALIE M. LAGUNAS
14
                                              Attorneys for Defendants,
15                                            C&H SUGAR COMPANY, INC. and
                                              AMERICAN SUGAR REFINING, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ELECTRONIC FILER'S ATTESTATION

Pursuant to Northern District Local Rule 5-1(i)(3), I certify that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 6, 2025                    **NORTON ROSE FULBRIGHT US LLP**


By:    */s/ Deborah F. Birndorf*
     DEBORAH F. BIRNDORF
     NATALIE M. LAGUNAS

Attorneys for Defendants,
C&H SUGAR COMPANY, INC. and
AMERICAN SUGAR REFINING, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

*Jeffrey Bello-Lafrades, et al. v. C&H Sugar Company, Inc., et al.*
Northern District of California, Case No. 3:24-cv-07006-JD

I, Diana Cardenas, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On May 6, 2025, I served a copy of the within document(s):

**JOINT CASE MANAGEMENT STATEMENT**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐  by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

***Please see attached Service List.***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 6, 2025, at Los Angeles, California.

_____
Diana Cardenas

DOCUMENT PREPARED
ON RECYCLED PAPER

1

2

Service List

3

David E. Matagni, Esq.

4

Taylor Davies-Mahaffey, Esq.
Amanda R. McCarthy, Esq.
MASTAGNI HOLSTEDT, A.P.C.

5

1912 I Street

6

Sacramento, CA 95811-3151
Phone: (916) 446-4692

7

Fax:    (916) 447-4614
Email: davidm@mastagni.com

8

tdavies-mahaffey@mastagni.com
amccarthy@mastagni.com

9

Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

PROOF OF SERVICE

3:24-cv-07006-JD