United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY BELLO-LAFRADES, et al.,
Plaintiffs,

v.

C&H SUGAR COMPANY, INC., et al.,
Defendants.

Case No. 24-cv-07006-JD

**ORDER RE FLSA CONDITIONAL CERTIFICATION**

In this wage and hour hybrid collective and class action, plaintiffs Jeffrey Bello-Lafredes and Otis Brown, on behalf of themselves and similarly situated employees (collectively, Bello-Lafredes), sued defendants C&H Sugar Company, American Sugar Refining, Inc., and ASR Group Commodities (US), LLC (together, C&H) for a variety of alleged labor violations. Dkt. No. 96 (Second Amended Complaint (SAC)). Bello-Lafredes asks to conditionally certify a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., Dkt. No. 68, which C&H opposes, Dkt. No. 71. Conditional certification is granted.

**BACKGROUND**

The pertinent facts are straightforward. As alleged in the SAC, C&H engaged in practices that resulted in unpaid compensation for pre- and post-shift duties: before 2024, C&H rounded down workers' clock-in and clock-out times to eliminate the time spent on pre- and post-shift duties, from 2024 onwards, C&H physically moved the clock from the facility entrance to the employees' workstations, and required plaintiffs to perform pre-shift duties before they could clock in, and clock out before they could perform post-shift duties. *See, e.g.,* SAC ¶¶ 61-72. As a result, plaintiffs say that C&H failed to compensate plaintiffs for all of the time they worked. *Id.* ¶ 72.

## DISCUSSION

## I. LEGAL STANDARDS

Section 216(b) of the FLSA states in relevant part:

> An action to recover the liability prescribed in [this subsection] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. . . .

29 U.S.C. § 216(b). Although the text of the FLSA contemplates a collective action, it remains silent on the "terms for the resulting proceeding." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018). Consequently, FLSA proceedings are governed by "interstitial judicial lawmaking." *Id.* In our circuit, "a two-step certification process" determines the question of collective certification. *Id.* (internal quotations omitted). The starting step is "conditional," "provisional," or "preliminary" certification, *id.* at 1101, which is the question here. "The district court may, in its discretion, conditionally certify an FLSA collective action if plaintiff meets his burden of showing that the putative collective action members are similarly situated, and courts have generally held that the similarly situated standard under the FLSA is not as stringent a standard as the common questions predominate standard under Federal Rule of Civil Procedure 23(b)(3)." *Sarkisov v. StoneMor Partners L.P.*, No. 13-CV-04834-JD, 2015 WL 1249169, at *5 (N.D. Cal. Mar. 18, 2015) (cleaned up); *see also Campbell*, 903 F.3d at 1113 (FLSA Section 216(b) and Rule 23 "bear little resemblance to one another"). The "analysis is typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence." *Campbell*, 903 F.3d at 1109.

For conditional certification, the "level of consideration is lenient" and "loosely akin to a plausibility standard." *Id*. (internal quotation omitted). That is because the "'sole consequence' of a successful motion for preliminary certification is 'the sending of court-approved written notice' to workers who may wish to join the litigation as individuals." *Id*. at 1101 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). It "does not produce a class with an

United States District Court
Northern District of California

independent legal status, or join additional parties to the action." *Genesis,* 569 U.S. at 75.

The second step entails a "more exacting look at the plaintiffs' allegations and the record." *Campbell,* 903 F.3d at 1109. At this stage, "defendants may move for decertification of the collective action on the theory that the plaintiffs' status as similarly situated was not borne out by the fully developed record." *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 681 (9th Cir. 2025) (internal quotations omitted). This step is not in play here, and will be discussed in more detail as warranted by subsequent developments.

## II. CONDITIONAL CERTIFICATION

For conditional certification, Bello-Lafredes relies on the SAC and multiple declarations by current and former employees who worked as millwright (Dkt. Nos. 68-8, 68-20), operator (Dkt. Nos. 68-17, 68-19), packaging technician (Dkt. No. 68-16), sugar controller (Dkt. No. 68-15), clarifier (Dkt. No. 68-12), machine operator (Dkt. Nos. 68-13, 68-14), warehouse worker (Dkt. No. 68-9), sugar boiler (Dkt. No. 68-2), and foreman (Dkt. No. 68-5). Each of the employees described similar tasks they were required to complete off-the-clock in pre- and post-shift periods, including walking to the "Boot Room," putting on and taking off personal protective equipment (PPE), and engaging in pre- and post-shift briefings. *See, e.g.,* Dkt. No. 68-2 ¶¶ 4-11. Each of the employees identified how all non-exempt hourly employees were affected by C&H policies that led to the pre- and post-shift duties being uncompensated. *Id.* ¶¶ 17-28.

This record makes short work of conditional certification. All plaintiffs must show at this stage is that they have "facially satisfied the 'similarly situated' requirement" that "party plaintiffs [] be alike with regard to some *material* aspect of their litigation." *Campbell*, 903 F.3d at 1100, 1114 (emphasis in original).

They have done so. The record demonstrates that plaintiffs are similarly situated for purposes of conditional certification with respect to (1) the existence of C&H policies mandating pre- and post- shift duties and (2) the compensability of time spent engaging in those duties. It may be, as C&H suggests, that all of the PPE and pre- and post-shift duties are not strictly the same for every job classification, but that is of no moment for conditional certification. The salient question is whether the record currently demonstrates that plaintiffs share common

questions of whether C&H policies mandate changing into/out of PPE off-the-clock, and whether that time was properly compensable. Minor variations between employees do not show that plaintiffs are not similarly situated.

C&H's overreading of *Campbell* to oppose conditional certification is equally unavailing. The question presented here of conditional certification at the first step under Section 216(b) was not raised on appeal or decided by the circuit court. *Campbell*, 903 F.3d at 1117 ("[P]reliminary certification is not challenged in this case."). Rather, *Campbell* addressed issues with respect to the more exacting review at the second step, which are not germane at this time. *Id.* Although *Campbell* need not be discussed further here for this reason, it bears mention that decertification at the second stage was based on "overwhelming evidence of widespread FLSA compliance" that refuted "the only allegation the party plaintiffs have cited as a basis for proceeding" as a collective. *Id.* at 1121. The lone declaration filed here by C&H compels no similar result. *See* Dkt. No. 73.

C&H's litany of other objections are also misdirected. Overall, these comments are underdeveloped musings presented in a scattershot fashion in one or two paragraphs each. How and why they might bar conditional certification was never stated in a coherent and logical manner.

## III. NOTICE

C&H's objections to the form of notice and proposed notice procedures, Dkt. No. 71 at 11-15, are overruled. Contrary to C&H's suggestion, notices may be sent to individuals who might be subject to an arbitration agreement. *See Harrington*, 142 F.4th at 684 ("[A] district court is not required to rule on the arbitrability of absent employees' claims prior to authorizing notice."). The Court will reserve the determination of arbitrability "until after the prospective plaintiffs have, in fact, opted into the litigation." *Id.*

To streamline the notices and procedures, the Court directs that:

(1) The opt-in period will be 60 days, with a reminder sent 30 days before its conclusion.

(2) The proposed form of notice by mail, email, and workplace posting is approved, as is use of the website established by plaintiffs' counsel.

United States District Court
Northern District of California

(3) C&H will produce to plaintiffs, within 10 days of this order, each putative collective action member's (1) name; (2) last known home address; (3) last known email address; (4) most recent job title; (5) dates of employment; and (6) employee number.

(4) Plaintiffs' counsel will administer the notification process and send notices by email and mail to all putative collective action members within 10 days of receiving the list of names and contact information from C&H.

(5) The notices at Dkt. No. 68-21, Exhs. A and B are approved, but the plaintiffs are directed to add the following language, from *Harrington*, 142 F.4th at 684, to their notice, reminder, and website: "Only employees whose claims are not subject to arbitration may join the litigation."

**IT IS SO ORDERED.**

Dated: July 20, 2026

JAMES DONATO
United States District Judge